UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
RUSSELL CORPORATION,                      :     CASE NO. 1:08-CV-2038
                                          :
            Plaintiff,                    :
                                          :
vs.                                       :     ORDER & OPINION
                                          :     [Resolving Doc. No. 20]
MIKEN SPORTS, LLC, ET AL,                 :
                                          :
            Defendants.                   :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Miken Sports, LLC, and Jarden Corporation (collectively "Miken and Jarden")

move this Court to transfer venue to the District of Minnesota, pursuant to 28 U.S.C. § 1404(a).

[Doc. 20.] Plaintiff Russell Corporation ("Russell") opposes the Defendants' motion. [Doc. 23.] The

Defendants replied to the opposition, [Doc. 25], and the Plaintiff filed a sur-reply, [Doc. 28]. For the

reasons discussed below, this Court **DENIES** the Defendants' motion to transfer venue.

I.  Background

Plaintiff Russell Corporation, a Delaware corporation with its principal place of business in

Georgia, filed suit in this Court against Defendants Miken Sports, LLC, and Jarden Corporation for

patent infringement.  [Doc. 1-1.]  Defendant Miken Sports, LLC, is a Delaware corporation with its

principal place of business in Minnesota, and Defendant Jarden Corporation is a Delaware

corporation with its principal place of business in New York.[1]  [*See* Doc. 8.]  Plaintiff Russell claims

that Defendants Miken and Jarden have sold patent-infringing softballs.  According to the Defendants,

less than 2% of the total sales of the accused softballs are in Ohio. [Doc. 20-2 at 3.]

---

[1]Defendant Jarden Corporation is a parent company of Defendant Miken Sports, LLC. [*See* Doc. 1-2 at 2.]

Case No. 1:08-CV-2038
Gwin, J.

Defendants Miken and Jarden move this Court to transfer venue from the Northern District of Ohio to the District of Minnesota.  In support of their motion, the Defendants argue that none of the parties involved have any connection to Ohio, and therefore no witnesses or documents are located in Ohio.  Although the Defendants acknowledge that courts generally give substantial weight to the plaintiff's choice of forum, the Defendants argue that in patent cases, "the preferred forum is that which is the center of gravity of the accused activity." [Doc. 20-2 at 5-6 (quoting *Max Rack, Inc. v. Hoist Fitness Systems, Inc.*, 2006 WL 640497 at *3 (S.D. Ohio Mar. 10, 2006) (internal citations omitted).] In this case, the Defendants suggest that Minnesota is the center of gravity, because the manufacture, sale, and marketing of the accused softballs were all activities coordinated from Defendant Miken's Minnesota headquarters. [Doc. 20-2 at 7.] The Defendants further argue that the convenience factors weigh in favor of transfer to Minnesota because many of the necessary documents and witnesses are located in Minnesota, whereas none are in Ohio. [*Id.*] Finally, the Defendants believe that Minnesota has more of an interest in resolving the case than Ohio, because Defendant Miken is a Minnesota company, making the transfer beneficial to the public interest. [*Id. at 8.*]

In opposing the motion to transfer venue, Plaintiff Russell argues that the Defendants have not met their burden of showing that the balance of relevant factors weighs strongly in favor of transferring venue to Minnesota. [Doc. 23 at 2.] As a result, the Plaintiff argues, the Plaintiff's choice of forum should prevail.  Plaintiff Russell denies that it is forum shopping and notes that Ohio constitutes at least 1% of Defendant Miken's sales, an amount sufficient to be considered substantial activity.  [*Id. at 2-3.*] The Plaintiff further argues that because witnesses and documents for both parties are located across the country, the convenience factors do not favor transfer.  [*Id. at 3-4.*]

Case No. 1:08-CV-2038
Gwin, J.

With respect to the District of Minnesota's interest in resolving the issue, the Plaintiff claims the Defendants have not sufficiently explained why Minnesota would have more interest in enforcing federal patent laws than Ohio.  [*Id.* at 5.]  In sum, the Plaintiff argues that the case should not be transferred to the District of Minnesota because such a transfer would benefit only the Defendants, rather than all parties.  [*Id.*]

## II.  Legal Standard

According to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "Under 28 U.S.C. § 1404(a), a district court has broad discretion to grant or deny a motion to transfer [a] case."  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quotations and citations omitted).  When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).  But, "[I]f venue is proper, a plaintiff's choice of forum is given substantial weight," unless convenience and the interests of justice "strongly favor transfer."  14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 3801*.

## III.  Analysis

In this case, the Defendants' motion to transfer venue relies primarily on the "center of gravity" test applied in some patent infringement cases.  The Defendants argue that the "center of gravity" of the alleged infringing conduct in this case is Minnesota.  Not coincidentally, transfer of

-3-

Case No. 1:08-CV-2038
Gwin, J.

venue to Minnesota would prove much more convenient for the Defendants.  The District of Minnesota is home to Defendant Miken, and, as a result, many of the Defendants' witnesses and documents are located in Minnesota.

The Court finds no Sixth Circuit case law supporting the adoption of a "center of gravity" test for motions to transfer venue in patent infringement litigation.  In arguing for the application of the center of gravity test, the Defendants rely primarily on a Southern District of Ohio case, *Max Rack, Inc. v. Hoist Fitness Systems, Inc.*, 2006 WL 640497 (S.D. Ohio Mar. 10, 2006).  In that case, however, the Southern District of Ohio merely noted that "some courts" (citing district courts in Louisiana, New Jersey, and Pennsylvania) have chosen to follow a center of gravity test for transferring venue in patent infringement cases.  *Max Rack*, 2006 WL 640497 at *3-4.  In fact, the Southern District of Ohio noted the troubling results of the center of gravity test, which gives too much weight to the infringing conduct and turns the traditional notion of the predominance of the plaintiff's choice of forum on its head.  *Id*. at *5.  The Court agrees that to transfer this case to the District of Minnesota, because that is where the bulk of alleged infringing activities occurred, would serve only to benefit the Defendants.

Further, the Court accords significant weight to a plaintiff's choice of forum when considering a motion to transfer.  The Plaintiff chose to file this case in the Northern District of Ohio.  While this district is not Plaintiff Russell's home forum, operative facts giving rise to the Plaintiff's complaint occurred in Ohio, including the sale of the accused softballs.  The Defendants have not challenged the fact that the Northern District of Ohio is a proper venue.  Therefore, the Plaintiff has a right to pursue this action in this Court, rather than the District of Minnesota.  Absent a strong argument that transfer to the District of Minnesota is more convenient and better serves the public interest, the

-4-

Case No. 1:08-CV-2038
Gwin, J.

Court will not transfer the case.

Although many of the Defendants' witnesses and documents are located in Minnesota, others can be found in Missouri and Tennessee. As for the Plaintiff's witnesses and documents, they are located in Massachusetts, Georgia, and Kentucky. Given this range of locations, the Court finds that no one alternative district is significantly more convenient for both parties. In fact, the Northern District of Ohio may represent some midway point that proves (in)convenient for all. Nor do the Defendants provide a compelling explanation for why the District of Minnesota has significantly more interest in resolving this dispute, when some of the alleged infringing activities occur in Ohio. The Court concludes that convenience and the interests of justice do not "strongly favor" transfer, weighed against the Plaintiff's choice of forum.

### IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Defendants' motion to transfer venue. [Doc. 20].

IT IS SO ORDERED.


Dated: February 2, 2009                         s/          *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE